UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:17-CR-12 |
| | ) | |
| JONATHAN ANDY LOGAN DISHNER | ) | |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is the defendant's motion to withdraw his guilty plea, [Doc. 724]. Pursuant to this Court's order, the defendant has filed a supplemental brief in support of his motion, [Doc. 809]. The United States has responded, [Doc. 825]. On May 30, 2018, this Court held an evidentiary hearing on the matter. The transcript of said hearing has been filed, [Doc. 862], and the matter is now ripe for review. For the reasons that follow, the defendant's motion will be **DENIED**.

### I. Procedural Background

On October 19, 2017, the parties filed a signed plea agreement in this case, [Doc. 395], and the Court subsequently scheduled a change of plea hearing to commence on November 17, 2017 ("November 17 hearing" or "change of plea hearing"). Two days before the scheduled change of plea hearing, the defendant's former counsel ("Mr. Leonard") filed a motion to withdraw from the case, [Doc. 477]. At the change of plea hearing on November 17, 2017, the Court took up the defendant's counsel's motion to withdraw in a sealed hearing. Based on the representations made during the sealed hearing by both counsel and the defendant, the motion to withdraw was denied, *see* [Doc. 494], and the Court went forward with the change of plea hearing. This Court ultimately accepted the defendant's guilty plea as to Count One of the Indictment, and took the parties' plea

1

agreement under advisement. On January 5, 2018, the defendant's former counsel filed a subsequent motion to withdraw from representation, [Doc. 621]. On January 23, 2018, the defendant filed a *pro se* motion to appoint new counsel and to withdraw his guilty plea, [Doc. 655]. This Court held a hearing on both motions on January 25, 2018, and granted the former counsel's request to withdraw. Additionally, the Court appointed new counsel for the defendant, [Doc. 673], and required the defendant to confer with new counsel to determine if a withdrawal of his guilty plea was still requested. The defendant subsequently filed a renewed motion to withdraw his guilty plea in accordance with this Court's order, [Doc. 724].

The Court held an evidentiary hearing on the defendant's motion on May 30, 2018. The defendant was the sole witness on his behalf. The United States presented its own witness and evidence.

## II. FACTS

The defendant, along with 24 co-defendants, was indicted by a federal grand jury on February 14, 2017 in a thirty-three count indictment, [Doc. 3]. The defendant was charged in three separate counts of the indictment, including Count One for conspiracy to distribute 50 grams or more of methamphetamine, Count Eight for possession with the intent to distribute a quantity of methamphetamine, and Count Nine for possession of a firearm in furtherance of a drug trafficking offense, [Doc. 3]. The defendant signed and filed a plea agreement on October 19, 2017, [Doc. 395]. In that plea agreement, the defendant agreed to plead guilty to Count One of the indictment for conspiracy to distribute 50 grams or more of actual methamphetamine. The stipulation of facts agreed to by the parties satisfying the elements of the offense for Count One specifically set out that "[t]he defendant was a member of a drug trafficking organization . . . operating primarily in Sullivan County, Tennessee and Southwest Virginia during the time frame of the conspiracy

charged in the superseding [sic] indictment." [*Id*. at ¶ 4]. Additionally, the agreement stated that the "Defendant agrees that he conspired with his co-defendants to distribute methamphetamine (actual) and that he is responsible for the distribution of at least 150 grams but less than 500 grams of methamphetamine (actual)." [*Id*.]. The agreement further stated that "[t]he defendant is pleading guilty because the defendant is in fact guilty." [*Id*. at ¶ 5].

The defendant appeared before this Court at the November 17 hearing, nearly a full month after the plea agreement was signed and filed. During the sealed proceedings, after placing the defendant under oath, the following exchange took place:

| | |
|---|---|
| COURT: | Mr. Leonard has informed [the Court] that as of last Friday you were indicating to him that you wished to have a trial in the case rather than enter a plea; is that correct? |
| DEFENDANT: | Yes, sir. At the time he come [sic] spoke with me, I was explaining to him that I, that I was having problems with the plea agreement; but over the weekend I went over the plea agreement over and over, I talked about it with my family, and if, if I can, I was going to go ahead and take the plea agreement today since it was already signed…But I'm willing today, I'm just ready to get it over with. |
| | . . . |
| | I was hoping today that [my attorney would] come talk to me before I came in here, and I'd explain to him that, you know, it was just in my feelings and thought about going to trial, but now I'll just go ahead, it's signed, I'll go ahead and plead guilty today and get it over with. |
| COURT: | Well, Mr. Dishner, I'm not sure I'll allow you to go forward just to get it over with. If you're satisfied with this plea agreement and you're satisfied with your representation by Mr. Leonard, that's one thing; but if you simply decided to do it simply to get it over with, I'm not sure I'm going to accept it. |
| DEFENDANT: | No, sir, that's not what I meant. I mean that I'm satisfied with the plea agreement and I'm satisfied with what my lawyer has done, so I think it would be in my best interest to go ahead and plead here today. |

[Doc. 806 at Page ID # 7739-41]. After further discussion, the Court went on to state to the defendant:

| | |
|---|---|
| COURT: | . . . But having said that to you, I can't get involved in the plea agreement or plea negotiations. I certainly – makes absolutely no difference to me whether you plead guilty or go to trial. I've got a trial scheduled in just two weeks, I think, maybe three, two or three weeks. That trial is apparently going forward anyway with one or two of your codefendants, so it's, it's no more work for me, it's – that's what I'm here for. |
| DEFENDANT: | Yes, sir. |
| COURT: | So if you want a trial, you can have a trial. It's that simple. You're entitled to a trial. Going forward, if you decide to enter a plea today, going forward Mr. Leonard is still going to be your attorney. I don't think I'm going to let him withdraw under these circumstances. |
| DEFENDANT: | Okay. |
| COURT: | You're going to have to get along with him. |
| DEFENDANT: | He's – I like Mr. Leonard. He's been very good to me. Like I said, your honor, we just – we both got heated a little bit, and it's – I guess everybody does. |
| | . . . |
| COURT: | I guess here is where we are, Mr. Dishner. If there is any doubt in your mind today about going forward with this agreement you've made with the government and entering a guilty plea, now is the time to voice that because once you enter this guilty plea, I'm not likely to let you withdraw it. |
| DEFENDANT: | Yes, sir, I understand that. |
| COURT: | So do you want to go forward today? |
| DEFENDANT: | Yes, sir. |
| | . . . |
| COURT: | So understanding all that and after reflecting over the weekend then, do you want to go ahead with this guilty plea this morning? |

| | |
|---|---|
| DEFENDANT: | Yes, sir. |
| COURT: | And do you want Mr. Leonard to continue to represent you? |
| DEFENDANT: | Yes, sir. |

[*Id*. at 7744-46].  After this exchange, the Court commenced the change of plea hearing with the government present.  At the change of plea hearing, the Court followed its usual plea colloquy with the defendant, explaining to the defendant the offenses he was charged with, the elements of the offense he was pleading guilty to, his right to plead not guilty, his rights associated with a trial, the mandatory minimum penalty as well as the maximum possible penalty which the Court could impose, and other questioning of the defendant to ensure that his plea of guilty was voluntarily and knowingly made.  Further, the Court pointed out again to the defendant that "if you enter this guilty plea here today pursuant to this plea agreement, do you understand that it is very, very unlikely you could at some later time withdraw this guilty plea?"  to which the defendant responded "[y]es, sir, I understand."  [*Id*. at 7762-63].  Additionally, near the end of the hearing, the Court one more time questioned the defendant:

| | |
|---|---|
| COURT: | Let me just ask you one other question, Mr. Dishner.  Is there any hesitation on your part at all about whether you want to go forward with this guilty plea at this point? |
| DEFENDANT: | I mean, as what I was explaining to him, some of it I don't understand, like he – we was talking about going to trial and what me and him misunderstood each other about the statement that was supposedly gave from me to the federal agents, I disagree with the statement. |
| COURT: | And if you want a trial, what will happen at the trial is the agent will testify about what he says happened and you can testify about what you say happened – |
| DEFENDANT: | Yes, sir. |

| | |
|---|---|
| COURT: | -- if that's what you want to do; so if you want a trial, I'll give you a trial. |
| DEFENDANT: | No, sir, that's the only thing that me and him had, was talking about, was about the trial, that's it. |
| COURT: | And all that this plea agreement says is that you agree that the agent would say – |
| MR. LEONARD: | That's correct. |
| COURT: | -- that that's what your statement was. |
| DEFENDANT: | Yes. |
| | . . . |
| COURT: | So having said all that, do you want to go forward? |
| DEFENDANT: | Yes, sir. |
| COURT: | And the real key question, Mr. Dishner, is whether or not you have knowingly an [sic] voluntarily entered this guilty plea – |
| DEFENDANT: | Yes, sir. |
| COURT: | -- Have you? |
| DEFENDANT: | Yes, sir. |

[*Id*. at 7775-78]. Based on all of the defendant's responses to the Court's questions, the Court found that the guilty plea was in fact made voluntarily and knowingly, and adjudged the defendant guilty of Count One of the indictment.

### III. Standard of Review

Before accepting a guilty plea, the court must address the defendant personally, in open court, and determine that the defendant is entering the plea voluntarily and that it is not the result of force, threats, or promises other than those contained in the plea agreement. *See* Fed. R. Crim.

6

P. 11(b). A plea must be entered into voluntarily, knowingly, and intelligently "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970).

After a guilty plea has been accepted by the court but before sentence is imposed, a defendant may withdraw a plea of guilty if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (citing *United States v. Mader*, 251 F.3d 1099, 1105 (6th Cir. 2001)). Further, "[w]hen a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *Id.* (quoting *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992)).

The rule allowing a defendant to withdraw his guilty plea before the court imposes sentence is "designed to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *Id.* at 280-81 (internal quotation marks omitted). The factors the court should consider in determining whether the defendant has met his burden for a fair and just reason include:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Id*. (citing *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)). "The factors listed are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

## IV.     Analysis

The crux of the defendant's argument is that "he made a hasty decision with an unsure heart on November 17, 2017 when he told this Court he wanted the Court to accept his guilty plea." [Doc. 809 at PageID # 7834-35]. As a basis for his argument, the defendant concedes that most of the factors this Court should consider outlined above do not support his position. However, he submits that the circumstances underlying the entry of the guilty plea—the fourth factor—carries significant weight to support a finding that his plea of guilty was made with an unsure heart and confused mind.[1]

At the hearing for this motion, the defendant presented his own testimony regarding the circumstances of entering his guilty plea. In his own testimony, the defendant pointed out that his former attorney had moved the Court to withdraw from representation, and that the trial date was scheduled for December 5, 2017, less than three weeks away from the change of plea hearing. The defendant further testified that his former attorney had filed the motion to withdraw from representation only because the defendant had insisted on going to trial. Additionally, the defendant claimed that he only agreed to go through with the change of plea hearing, including telling the Court that he was satisfied with his former attorney's representation and his intent to plead guilty at the time, simply to get it over with.

The Court finds that the defendant has failed to meet his burden of showing a "fair and just reason" for allowing him to withdraw his guilty plea. The defendant's argument that the

---

[1] The defendant has not provided any reason outside of the listed factors that support a fair and just reason to allow withdrawal.

8

circumstances of the entry of the guilty plea weigh in favor of setting aside the plea—the only argument advanced by the defendant—is unpersuasive. The record is crystal clear that the defendant was fully aware of his constitutional rights, that he clearly articulated that he was entering the guilty plea knowingly and voluntarily, that he was satisfied with his lawyer's representation, that he understood exactly what he was doing, and he felt it was in his own best interest to plead guilty to Count One of the indictment during the change of plea hearing. *See Ellis*, 470 F.3d at 285.

The Court repeatedly gave the defendant ample opportunity to voice any concern over his lawyer's representation or any hesitation of pleading guilty, and the defendant consistently responded that he was satisfied with his attorney's representation and that he wanted to change his plea. Nothing in the record reflects that the defendant was of confused mind; nor is there any indication that he was experiencing an unsure heart. The defendant's own statements made under oath definitively show that, at least at that time, he was sure of his decision to plead guilty.

Further, the representations made by the defendant's former counsel cut against the defendant's assertions that he was attempting to withdraw because of the defendant's insistence on going to trial. Rather, the record reflects that Mr. Leonard was concerned about the relationship with the defendant, not with the defendant's insistence on going to trial. This is evidenced by Mr. Leonard's representations to the Court outlining the reasons justifying his motion to withdraw, wherein he stated

> Mr. Dishner and I have met probably ten times about this case. Mr. Dishner is what I would call a type a personality. I don't – I am too, I don't mean by that any disrespect. I sort of let him guide the length of our meetings and that sort of thing. He gets very easily agitated, which I don't – that's, again, I'm not sitting where he's sitting; but we're at the point where if I continue representing him, we may end up in a fist fight. I mean, that's just the way it is. I've never had a client where I was not able to speak to him . . . .

> Now, I don't know what Mr. Dishner wants to do now about the plea. I've tried to work out the best plea I can. I've given him copies of everybody else's pleas; and I've told him from the get-go to plea or not is your choice, but you need to at least look at the evidence. . .
>
> And just our relationship, again, I can think of only one other case where I've asked to withdraw because of a conflict of personalities, and you know, it's just the way we are, so.

[Doc. 806 at PageID # 7736-37]. Therefore, contrary to the defendant's argument, the Court finds that the circumstances of the entry of the guilty plea support a denial of the defendant's motion to withdraw.

Considering that the defendant has conceded that the other factors likely weigh in favor of denial of withdrawal—or at the very least do not support his motion—the above finding is likely sufficient to deny the defendant's motion without more because he has the burden of proof. Nevertheless, although likely unnecessary, the other factors will be considered as well.

### (1) The Amount of Time that Elapsed Between the Guilty Plea and the Motion to Withdraw the Plea

The first factor this Court considers in determining whether the defendant has provided a fair and just reason to withdraw his guilty plea is the amount of time that has passed between the defendant's guilty plea and his motion. "The shorter the delay, the more likely a motion to withdraw will be granted, and a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006) (quoting *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996)).

The defendant filed his *pro se* motion to appoint new counsel and withdraw guilty plea on January 23, 2018, [Doc. 655]. This was more than two months after he had entered his guilty plea on November 17, 2017, (67 days), and was more than three months after he had signed his plea agreement on October 19, 2017, (96 days). Interestingly, the Sixth Circuit has specifically found

10

that a 67-day delay is a strong factor supporting a denial of a motion to withdraw a guilty plea. *See United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996). Furthermore, delays of less than 67 days have also been found to be lengthy delays which strongly support a denial of a motion to withdraw. *See, e.g.*, *United States v. Goldberg*, 862 F.2d 101, 103 (6th Cir. 1988) (finding that a 55-day delay was properly considered as a lengthy delay); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (affirming denial of motion to withdraw with a 5-week delay). There was a lengthy delay between the entry of the defendant's guilty plea and the filing of his motion. The Court finds that this first factor weighs heavily against the defendant's current motion.

**(2) The Presence of a Valid Reason for Failing to Move for Withdrawal Earlier**

The defendant has provided no valid reason for his failure to move for withdrawal earlier in the proceedings. In his memorandum in support of his motion, the defendant argues that this factor "is neutral as the Defendant himself has went back and forth with his decision in this matter . . . His original request was made prior to [the] change of plea hearing." [Doc. 809 at PageID # 7835].[2] Although it may be true that the defendant went back and forth with his decision of whether to plead guilty or go to trial—a decision which most defendants will wrestle with in any criminal case—the defendant's argument as to this particular factor is without support. There is nothing in the record suggesting a valid reason for the lengthy delay in the filing of the instant motion. The defendant was originally indicted on February 14, 2017 and was present for his initial appearance and arraignment on March 21, 2017. He signed this plea agreement on October 19, 2017. The defendant had almost an entire month to consider the plea agreement and his decision to plead guilty before his November 17, 2017 change of plea hearing. The instant motion to withdraw his guilty plea was filed on January 23, 2018, more than two months after the change of

---

[2] The Court notes that a defendant cannot request to withdraw a guilty plea prior to entering a guilty plea.

11

plea hearing, and roughly three months after he had signed the agreement. As the United States points out, there is no indication that the defendant is timid or hesitant in filing his own motions—the defendant has filed multiple *pro se* motions throughout these proceedings. *See* [Docs. 297, 655, and 820]. Neither is there any assertion that he was unable to file his motion until January 23, 2018. All of these reasons suggest that this factor *weighs against* the defendant's current motion.

The defendant has simply failed to provide any valid reason for failing to move for withdrawal earlier. As such, this factor also weighs against the defendant's current motion.

### (3) The Defendant Does Not Assert His Innocence

The third factor to consider is whether or not the defendant has maintained his innocence. Here, the defendant has not maintained his innocence. At the change of plea hearing, the defendant swore under oath that he was pleading guilty because he was in fact guilty. Furthermore, at the hearing for the instant motion, the defendant testified that "I am not maintaining my innocence. I am just wanting to have my right to a trial and maintain my right for a trial." [Doc. 862 at PageID # 8479-80]. Again, later in the defendant's testimony at the hearing for the instant motion, the following exchange took place:

> GOVERNMENT: You testified, when Mr. Fabus was questioning you, that you were not maintaining your innocence here today.
>
> DEFENDANT: I said that – yeah, I'm sorry – I said that I am not – you know, I can't, you know, maintain my innocence with what me and my lawyer talked about. That I am not saying that I am not guilty. I am not saying I am guilty.
>
> GOVERNMENT: Well, you did say you were guilty –
>
> DEFENDANT: Okay.
>
> GOVERNMENT: -- under oath before this Court; didn't you?

12

| | | |
|---|---|---|
| DEFENDANT: | Yes, I did. I am not saying that I am not. | |
| GOVERNMENT: | Just that you are wanting to go to trial? | |
| DEFENDANT: | Yes, sir. | |

[*Id*. at 8511]. The defendant has not maintained his innocence. Thus, the third factor also weighs against the defendant's motion.

### (4) Circumstances Surrounding the Defendant's Entry of the Guilty Plea

As discussed above, this Court does not find the defendant's argument on this point persuasive. The defendant stated under oath that he was satisfied with his former attorney's representation, and that he felt, at least at the time, that entering the guilty plea was in his own best interest.[3] For these reasons, as well as the reasons set out above, this factor also weighs against the defendant's motion.

### (5) The Defendant's Nature and Background

The Court also considers the defendant's nature and background to determine whether there is a fair and just reason for withdraw of his guilty plea. Indeed, the record reflects that the defendant does have some difficulty with reading and writing, but there is nothing to suggest that the defendant was misinformed about the action he was taking at the change of plea hearing, nor is there any indication that he misunderstood the consequences of his actions. This Court found that the defendant was fully aware of his constitutional rights, that he understood the nature of the charge to which he was pleading guilty, and that he offered to plead guilty knowingly and

---

[3] As an aside, the Court notes that the agreement reached between the government and his former attorney provided a significant benefit to the defendant. Indeed, in the plea agreement, not only did the government agree to dismiss the remaining counts of the indictment against the defendant—Count Nine would have subjected the defendant to a mandatory consecutive five-year term of imprisonment—but the agreement further stipulated to a quantity of at least 150 grams of methamphetamine but less than 500 grams of methamphetamine, contrary to the defendant's own Mirandized statement to federal officers which provided that he sold two kilograms of methamphetamine a week for approximately two months. Additionally, the agreement stipulated that no aggravating role enhancement pursuant to United States Sentencing Guidelines § 3B1.1 would apply to the defendant.

voluntarily. At the very least, the particular circumstances of this case regarding the defendant's nature and background do not support the defendant's motion to withdraw.

**(6) The Defendant's Prior Experience with the Criminal Justice System**

As reflected in the now prepared presentence investigation report, [Doc. 657], the defendant has had significant experience with the criminal justice system prior to the instant case. At the hearing for this motion, the defendant testified that of the roughly 18 years leading up to this case, he has spent "[p]robably the past 12 or 13 years" in prison or in a local jail serving time for prior offenses. [Doc. 862 at PageID # 8545]. Although the parties have not had an opportunity to object to the current contents of the presentence investigation report, it preliminarily relates that the defendant has roughly 23 adult criminal convictions and 7 juvenile criminal convictions. By his own account, the defendant admits he has a lot of experience with the criminal justice system. [*Id*. at 8543-45]; *see also* [Doc. 809 at PageID # 7836 (arguing that "the Defendant does have extensive experience with the state criminal system…" but distinguishing this case because it is the defendant's first federal criminal matter)]. The Court finds no support in the case law for distinguishing state criminal experience with federal criminal experience for purposes of considering a motion to withdraw a guilty plea; indeed, the case law seems to suggest otherwise.[4]

Given the defendant's exceptionally significant prior experience with the criminal justice system, the sixth factor weighs against the defendant's motion.

**(7) Potential Prejudice to the Government**

The final listed factor the Court considers to determine whether the defendant's motion to withdraw his guilty plea is for a fair and just reason is the potential prejudice to the government if

---

[4] *See, e.g.*, *United States v. Pluta*, 144 F.3d 968, 974 (6th Cir. 1998) (considering the defendant's "extensive experience with the criminal justice system, as evidenced by his twenty-five criminal history points," which included state burglary convictions in Florida, as support for the District Court's denial of the defendant's motion to withdraw his guilty plea).

14

the motion to withdraw is granted. *See Ellis*, 470 F.3d at 285. However, "the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *Id*. (quoting *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987)). In the present case, per the reasons set out above, the defendant has not advanced a fair and just reason for allowing the withdrawal. Thus, the Court need not reach the issue of the potential prejudice to the government.

Although unnecessary, the Court notes that there likely would be substantial prejudice to the government on the present facts if the defendant was now allowed to withdraw his plea of guilty. All of the defendant's co-defendants, except for one, have already been sentenced in this case, and the likelihood of their cooperation with the government at an ensuing trial would be diminished. Further, these proceedings have extensively prolonged this case, such that many of the witnesses the government would rely upon at trial would likely have diminished recollection of the events giving rise to the charges the defendant would face—the indictment charges conduct relating back to January of 2015. Certainly it would have been more efficient, both for the government and the Court, to try the defendant alongside his co-defendant Michael Potter, who was tried by a jury on December 5, 2017, because much of the evidence against these two individuals, both engaged in the same conspiracy, overlap. Additionally, the expenses for witnesses, vouchers, empaneling a jury, and preparing for trial could have been shared for a single trial of these two individuals, rather than separated across two independent trials.

## V. Conclusion

The defendant has failed to meet his burden of showing a fair and just reason for allowing the withdrawal of his guilty plea. For the reasons stated above, the defendant's motion to withdraw his guilty plea, [Doc. 724], is **DENIED**. A sentencing hearing in this matter will be held on August

8, 2018 at 1:30 p.m. The parties shall file their objections or notice of no objections to the presentence investigation report on or before July 11, 2018. Sentencing memoranda shall be due on or before July 25, 2018.

    ENTER:

                                                                 s/J. RONNIE GREER  
                                                          UNITED STATES DISTRICT JUDGE