**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 18-5880

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 05, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>   Plaintiff-Appellee, )<br>)<br>v. )<br>)<br>JONATHAN ANDY LOGAN DISHNER, )<br>)<br>   Defendant-Appellant. )<br>)<br>) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |

O R D E R

Before: NORRIS, SUTTON, and COOK, Circuit Judges.

Jonathan Andy Logan Dishner appeals his conviction and 200-month sentence for conspiracy to distribute methamphetamine. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

A federal grand jury returned a 33-count indictment against Dishner (and twenty-four other defendants), charging him with conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Count One); possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Eight); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Nine). Pursuant to a written plea agreement, Dishner pleaded guilty

to the methamphetamine conspiracy charged in Count One, agreeing that he was responsible for the distribution of at least 150 grams but less than 500 grams of actual methamphetamine.

Nearly two months later, Dishner's counsel filed a motion to withdraw, and Dishner filed a pro se motion to appoint new counsel and withdraw his guilty plea. The district court granted counsel's motion to withdraw and appointed new counsel. Through new counsel, Dishner renewed his motion to withdraw his guilty plea, and later filed a pro se motion asserting his new counsel's ineffectiveness and seeking his dismissal. After a hearing, the district court denied Dishner's motion for new counsel. The district court then conducted an evidentiary hearing on Dishner's motion to withdraw his guilty plea. The district court denied Dishner's motion, concluding that he had failed to meet his burden of showing a fair and just reason for withdrawal of his guilty plea.

At sentencing, the district court calculated an advisory guidelines range of 210 to 262 months of imprisonment based on a total offense level of 32 and a criminal history category of VI. After a thorough review of the sentencing factors under 18 U.S.C. § 3553(a), the district court granted a downward variance and sentenced Dishner to 200 months of imprisonment followed by five years of supervised release. This timely appeal followed.

Dishner's counsel has filed a brief and a motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel's brief addresses the following issues: (1) whether the district court properly denied Dishner's motion to withdraw his guilty plea, (2) whether the district court erred in denying Dishner's motion for new counsel, (3) whether the district court erred in sentencing Dishner to 200 months of imprisonment, and (4) whether the appeal waiver contained in the plea agreement prohibits Dishner from appealing his sentence. Counsel concludes that there are no non-frivolous issues to raise on appeal, stating that the district court acted well within its discretion to deny Dishner's motion to withdraw his guilty plea and his motion for new counsel, that Dishner received a sentence below the properly calculated guidelines range, and that the plea agreement contained an appeal waiver. The court has received unsigned correspondence submitted on Dishner's behalf in response to counsel's *Anders* brief. Because counsel has filed an adequate *Anders* brief and our independent review of the record reveals no arguable issues, *see Penson v.*

*Ohio*, 488 U.S. 75, 82-83 (1988), we grant counsel's motion to withdraw and affirm the district court's judgment.

We review de novo the validity of Dishner's guilty plea. *See United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007). A guilty plea is constitutionally valid if it is voluntary, knowing, and intelligent. *Brady v. United States*, 397 U.S. 742, 748 (1970); *Dixon*, 479 F.3d at 434. In accordance with Federal Rule of Criminal Procedure 11, the district court "must verify that 'the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged.'" *Dixon*, 479 F.3d at 434 (quoting *United States v. Webb*, 403 F.3d 373, 378-79 (6th Cir. 2005)). A review of the record demonstrates that the district court fully complied with Rule 11 in conducting Dishner's plea colloquy. Under the circumstances, Dishner's guilty plea was voluntary, knowing, and intelligent. *See United States v. Gardner*, 417 F.3d 541, 544 (6th Cir. 2005). By entering a valid and unconditional guilty plea, Dishner waived his right to appeal any non-jurisdictional defects in the pre-plea proceedings. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Kirksey*, 118 F.3d 1113, 1115 (6th Cir. 1997).

We review de novo whether Dishner knowingly and voluntarily waived his appeal rights. *See United States v. Gibney*, 519 F.3d 301, 305-06 (6th Cir. 2008). "It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (quoting *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001)). Dishner's plea agreement provided:

> The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater.

During the plea colloquy, the prosecutor reviewed the terms of the plea agreement's appeal waiver, and the district court confirmed that Dishner understood this waiver. *See* Fed. R. Crim. P. 11(b)(1)(N). The exception to the waiver did not apply: Dishner's 200-month sentence fell below

the guidelines range determined by the district court. Dishner's appeal waiver is therefore valid and precludes us from reviewing his conviction and sentence. *See United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012).

Dishner's appeal waiver arguably precludes review of the denial of his motion for new counsel. *See United States v. Lujan*, 536 F. App'x 820, 822 (10th Cir. 2013). In any event, the district court did not abuse its discretion in denying Dishner's motion. *See United States v. Vasquez*, 560 F.3d 461, 466 (6th Cir. 2009).

Dishner's appeal waiver encompasses a challenge to the denial of his motion to withdraw his guilty plea. *See Toth*, 668 F.3d at 378-79. Regardless, the district court did not abuse its discretion in denying Dishner's motion. *See United States v. Catchings*, 708 F.3d 710, 717-18 (6th Cir. 2013).

Even if the appeal waiver did not bar review of Dishner's sentence, there is no arguable basis on which to challenge the district court's sentencing determination. Dishner's below-guidelines sentence was procedurally and substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

For these reasons, we **GRANT** counsel's motion to withdraw and **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk