UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA          )
                                  )
v.                                )          No. 2:17-CR-12-10
                                  )
JONATHAN ANDY LOGAN DISHNER       )


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Jonathan Andy Logan Dishner's Motion

for Sentence Reduction under § 3582 (c)(1)(A) & (c)(2) [Doc. 1250] and the United States's

Response in Opposition [Doc. 1293].

### I.     BACKGROUND

In February 2017, Mr. Dishner was indicted on one count of conspiracy to distribute 50

grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), one count of

possession with the intent to distribute 50 grams or more of methamphetamine, in violation of 21

U.S.C. § 841(a)(1) & (b)(1)(c), and one count of possession of a firearm in furtherance of a drug

trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). [Indictment, Doc. 3, at 2, 5]. In

November 2017, Mr. Dishner pleaded guilty to one count of conspiracy to distribute 50 grams or

more of methamphetamine. [Minute Entry, Doc. 484]. At sentencing, Mr. Dishner received a

total offense level of 31 and a criminal history category of VI, resulting in a guidelines range of

188-235 months. [Presentence Investigation Report, Doc. 657, at 30]. He was then sentenced to

200 months' imprisonment and a term of 5 years of supervised release.

Mr. Dishner now moves the Court to reduce his sentence under both 18 U.S.C. §

3582(c)(1)(A) and 3582(c)(2). For the reasons herein, the Court will deny Mr. Dishner's motion.

## II.    ANALYSIS

### A.  § 3582(C)(1)(A)

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). One such exception is enumerated in 18 U.S.C. § 3582(c)(1)(A)(i), which states:

> The Court, either upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that -- (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i)

Section 1B1.13 of the United States Sentencing Guidelines lists circumstances that may result in extraordinary and compelling reasons to reduce a sentence. U.S.S.G. §1B1.13. These include the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, or whether the defendant was a victim of abuse while serving the term of imprisonment sought to be reduced. If a court finds that extraordinary and compelling reasons exist for such a sentence reduction, it must also find that such a reduction is "consistent with applicable policy statements issued by the sentencing commission", and that a reduction comports with the factors set forth in 18 U.S.C. § 355(a). *United States v. Ruffin*, 978 F.3d 1000 (2020).

### i. Failure to Exhaust Administrative Remedies

First, the Court acknowledges that Mr. Dishner has not attempted to show that he has pursued any administrative remedies as required by the statute. The Sixth Circuit has upheld that failure to exhaust administrative remedies is a "glaring roadblock foreclosing compassionate release." *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). However, while a Court may not grant compassionate release where the exhaustion requirement is not satisfied, it is "free to deny such a motion for any reason that is supported by the record." *United States v. Mantey*, No. 2:14-CR-25, 2024 WL 3418225 (E.D. Tenn. July 15, 2024), quoting *United States v. Williams*, 987 F.3d 700, 702 (7th Cir. 2021). Although the Court could deny Mr. Dishner's motion for failure to exhaust administrative remedies, it will instead deny it for the reasons discussed below.

### ii. Extraordinary and Compelling Circumstances

To be eligible for relief under § 3582(c)(1)(A), Mr. Dishner must show that extraordinary and compelling circumstances exist to warrant a reduction. In support of his motion, he asserts that the United States Sentencing Commission has reduced the guidelines range for "youthful offenders", resulting in sentencing disparities between those sentenced before this change and those sentenced after, and that he has made significant effort toward rehabilitation. [Def. Mot., Doc. 1250, at 1-3]. The Court understands Mr. Dishner to be referring to Amendment 829 to the United States Sentencing Guidelines, made effective November 1, 2024, which provides that Courts may consider a defendant's youthfulness at the time of the offense or prior offenses during sentencing. U.S. SENT'G GUIDELINES MANUAL APP. C, AMEND 829 (U.S. SENT'G COMM'N 2016). The United States responds that rehabilitative efforts and non-retroactive changes in the law are not enough to constitute extraordinary and compelling circumstances. [U.S. Resp., Doc. 1293, *generally*]. The Court agrees.

While the Court commends him for his efforts toward rehabilitation while incarcerated, the Sixth Circuit has made clear that neither rehabilitative efforts nor non-retroactive changes in the law can amount to extraordinary and compelling circumstances that warrant a sentence reduction. See *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) and *United States v. Hunter*, 12 F.4th 555 (6th Cir. 2021).

Because Mr. Dishner has not shown that extraordinary and compelling circumstances exist to warrant a reduction in his sentence, his motion pursuant to § 3582(c)(1)(A) is **DENIED**.

### B. § 3582(c)(2)

Mr. Dishner also cited 18 U.S.C. 3582(c)(2), which is not helpful to him either. § 3582(c)(2), states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a defendant will be eligible for a reduction under § 3582(c)(2) if he satisfies two requirements. See *United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (stating that the defendant "must show" that he is entitled to a sentence reduction under § 3582(c)(2)). First, the defendant must have "been sentenced to a term of imprisonment based on a sentencing range that

has subsequently been lowered by the Sentencing Commission." *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting 18 U.S.C. § 3582(c)(2));1 *see* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range[.]"). In determining whether a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), the Court identifies the amended guidelines range—that is, the guidelines range that would have applied to the defendant if the applicable amendment had been in effect during sentencing—and substitutes this guidelines range for the original guidelines range. *Dillon v. United States*, 560 U.S. 817, 827 (2010); U.S. Sent'g Guidelines Manual § 1B1.10(b)(1).

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting 18 U.S.C. § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy statement"). A reduction is consistent with USSG § 1B1.10 when the amendment at issue (1) applies to the defendant and (2) lowers the defendant's guidelines range. *Id*. § 1B1.10(a)(2)(A)–(B).

     i.      <u>Amendment 829</u>

As discussed above, Mr. Dishner offers Amendment 829 to the United States Sentencing Guidelines as grounds for a sentence reduction. The United States responds that Mr. Dishner is not entitled to a sentence reduction because the United States Sentencing Commission did not make Amendment 829 retroactive. [U.S. Resp., Doc. 1293, at 2]. The Court agrees.

§ 3582(c)(2) requires any reduction in a sentence to be consistent with policy statements

provided by the United States Sentencing Commission. The applicable policy statement here is U.S.S.G. § 1B1.10(a)(2)(A), which provides that a reduction in sentence is not consistent with the policy statement if "none of the amendments listed in subsection (d) is applicable to the defendant;". Subsection (d) provides a list of applicable, retroactive amendments, and amendment 829 is not included in that list. Therefore, amendment 829 is not retroactively applicable and a reduction in Mr. Dishner's sentence based on it would not be consistent with the policy statement.

Because a reduction in Mr. Dishner's sentence is not consistent with U.S.S.G. § 1B1.10(a)(2)(A), the Court is not authorized to reduce his sentence under § 3582(c)(2).

### III. CONCLUSION

Because Mr. Dishner has failed to show that he is entitled to a sentence reduction under § 3482(c)(1)(A) or 3582(c)(2), his Motion [Doc. 1250] is **DENIED**.

So Ordered.

ENTER:                                                  _____s/ J. RONNIE GREER_____
                                                        UNITED STATES DISTRICT JUDGE